FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) Jose Montanez    KW8233
(Name of Plaintiff)   (Inmate Number)

_____
(Address)

(2) _____
(Name of Plaintiff)   (Inmate Number)

3:22-cv-1267
(Case Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

CIVIL COMPLAINT

(1) Paula Price, Gabbrelle Nally, Dr. Mahli,
(2) Nurse Wagma, J. Rivello, Dr. Preston, Dr.
(3) Edwards, Mr. R. Ellers, Mr. Wakefield
(Names of Defendants)

FILED
SCRANTON

JAN 27 2023

Per_____
DEPUTY CLERK

(Each named party must be numbered,
and all names must be printed or typed)

TO BE FILED UNDER:  X   42 U.S.C. § 1983 - STATE OFFICIALS
                    ___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.   PREVIOUS LAWSUITS

   A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   Jose Montanez V. Lynch, No. 3:20-CV-97 (2019)
   Jose Montanez V. Hannon (Don't remember case No.)
   Judge Mariani in both cases

1

## Additional Defendants

(4) Name of fourth defendant __Melanie Wagman__
Employed as __Nurse__ at __SCI-Huntingdon__
Mailing Address __Unknown__

(5) Name of fifth defendant __John Rivello__
Employed as __Superintendent__ at __SCI-Huntingdon__
Mailing Address __Unknown__

(6) Name of sixth defendant __Dr. Preston__
Employed as __Doctor__ at __SCI-Rockview__
Mailing address __Unknown__

(7) Name of ~~sixth~~ seventh defendant __Dr. Ewards__
Employed as __Doctor__ at __SCI-Smithfield__
Mailing address __Unknown__

(8) Name of eighth defendant __Mr. R. Ellers__
Employed as __Healthcare Administrator__ at __SCI-Rockview__
Mailing address __Unknown__

(9) Name of Nineth defendant __Mr. Wakefield__
Employed as __Superintendent__ at __SCI-Smithfield__
Mailing Address __Unknown__

Additional Defendants p. 2

(10) Name of Tenth Defendant Wellpath care
Employed as Medical Contractor at SCI-Huntingdon
Mailing Address 1283 Murfreeboro Pike
Nashville, TN 37217-2421

(11) ~~Name of Eleventh Defendant Unknown~~
~~Employed as Wellpath case Health Service Administrator~~
~~at SCI-Huntingdon~~
~~Mailing Address Unknown~~

(12) Name of Twelth Defendant State of Pennsylvenia

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? __X__ Yes ____ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? __X__ Yes ____ No

C. If your answer to "B" is Yes:

1. What steps did you take? I filed a grievance and appeal on time and on every level to the end

2. What was the result? I was denied relief

D. If your answer to "B" is No, explain why not: N/A

## III. DEFENDANTS

(1) Name of first defendant: Paula Price
Employed as No longer employed at SCI-Huntingdon
Mailing address: unknown

(2) Name of second defendant: Gabbrelle Nalley
Employed as Physicians Assistant at SCI-Huntingdon
Mailing address: unknown

(3) Name of third defendant: Dr Mahli
Employed as Doctor at (currently) SCI-Smithfield
Mailing address: unknown

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. On Saturday August 28, 2021 at or around 1:00 PM this petitioner attempted to stand and walk to the restroom in his cell when he crumbled to the floor. After another attempt

2

and fall he realized he was numb from his chest to his feet

2. and could not stand. Petitioner notified a correctional officer who returned with Sergeant Bullick, who is being sued in his individual and official capacities, who made this petitioner drag his body over to the cell door from his bed. I was helped down

3. the stairs to Nurse Mel, who is being sued in both individual and official capacities, who was waiting with a wheelchair. I was taken down to the medical department where my vitals were taken and Nurse Mel felt around on my legs before

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. — Request for relief is in ADA claim enclosed —

2.

3.

3

going back in the nurse's office and calling Doctor Mahli, who is being sue in both individual and official capacities, who told her to move me from the third to the first tier and he would see me the next day. Nurse Mel told me that I would be moved down to the first tier and I told her that I needed to be taken to the hospital. She replied "Well, you're not going to the hospital." When I got back to the housing unit I told Sergeant Bullick that I wantted a Grievance. He asked why I wantted a Grievance and before I could answer Nurse Mel yelled "because he wants to go to the hospital!" and then let out a laugh. I was taken to the front of cell 127 and told by Nurse Mel to get out of the wheelchair. Seeing that I was not going to get any help from Nurse Mel I basically dragged my body across the cell to the bed. I was exhausted and in so much pain. I saw Dr. Mahli the next day through my cell bars as he did not come into the cell to examine me and only told me to walk for him. I couldn't walk so I dragged myself across the cell desk. I made Dr. Malhi aware that I was urinating on myself to which he only nodded to and walked off. He did nothing to help me from urinating on

myself. Therefore this continued for a total of three (3) days. Finally on August 31, 2021 I was taken to UPMC Altoona where an MRI would reveal I had Spinal cord stenosis, Spinal cord edema. I had Surgurey on September 10, 2021 and then sent to Emcompass Health for Physical Therapy on September 15, 2021. Before being able to even stand on my own I was sent to the infirmery at SCI-Rockview on October 1, 2021 where Doctor Preston, who is being sued in both individual capacities and Official, denied me proper or adequate pain medication even after falling and causing a herniated disk. The Healthcare Administrator at the time Mr. R. Ellers, who is being sued in his individual capacity lied about the results of the X-ray taken after that fall therefore delaying treatment to me. I arrived back at SCI-Huntingdon on November 12, 2021 and put in a Request to, then, Healthcare Administrator Paula Price, being sued in her individual capacity, who has created a policy that I could not get access to her until a Grievance was filed, therefore delaying treatment and pro-longing my pain and anguish. I wrote a sick call to which was replied to by Ms. Gabbrelle

Nalley, being sued in her individual and official capacity, who refused to see that I got a double mattress due to back pain, denied me stronger pain medication, and lied to me about being taken back to a Physical Therapy Clinic and allowed me to have to walk around without a cane or crutches. On December 14, 2021 I was sent to the infirmary at SCI-Huntingdon where Doctor Edwards, being sued in both individual and official capacities, refused me stronger pain medication and a double mattress due to my obvious pain. He also refused to give me an MRI to find out what was (and still is) wrong with my left hip. Superintendent Wakefield, being sued in his individual and official capacities allowed the actions by Dr. Edwards, Therefore allowing the policy of medical treatment being denied by medical staff, and also allowing cold air to continue to blow into my cell during a snowy winter after I wrote a Grievance concerning the matter. Wellpath care is being sued as a public entity contracting the medical staff who is also in this case. Lastly, the State of Pennsylvania is being sued in accordance with the type of claims in this lawsuite.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __24TH__ day of __January__, 20__23__.

_____
(Signature of Plaintiff)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jose Montanez,  : Civil Action No. 3:22-cv-1267
    Plaintiff :
            : Judge Robert D. Mariani
    v. :
            : January 24, 2023
Paula Price, et.al., : Jury Trial Demanded

## Plaintiff's Claim of Americans with Disability Act under Title II and section 504

Now comes, Plaintiff Jose Montanez proceeding Pro se, with his Claims under the Americans with Disability Act (ADA) 42 U.S.C. §12101 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701.

In accordance with Federal Rules of Civil Procedure 8(a) plaintiff will state his claims for relief.

(1) As this court already has jurisdiction, this claim needs no new jurisdictional support.

(2) This plaintiff is entitled to relief due to defendants failure to provide medical treatment

to him over a three (3) day period during which time plaintiff was paralyzed and urinating on himself. This was a violation of the Eighth and Fourteenth Amendments, as well as an Americans with disability Act violation Title II and Section 504. This plaintiff is eligable or qualified to recieve proper medical treatment due to his disability, both current and past (28 C.F.R. § 35.108 (a)(1)(i)-(ii)), and SCI-Huntingdon staff - both medical and other wise - denied this disabled person the right to immediate medical relief, for which this plaintiffs disability called for, and adequate physical therapy after surgurey. Because of this lack of physical therapy this plaintiff may never run again.

Section 504 of the 1973 Rehabilitation Act States: No otherwise qulified individual with a disability... shall, solely by reason of her or his disability, be excluded from the partcipation in, be denied the benifits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any [Federal] Executive agency.

(2)

Section 504 examples exactly what this plaintiff was deprived of with regard to the denile of a sufficient amount of Physical Therapy needed after the type of Spinal Surgery this plaintiff had to under go. Upon information and belief, SCI-Huntingdon/Pennsylvania Department of Corrections receives federal funding.

Title II of the Americans with Disabilities Act provides: [No] qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

This discrimination by state or local officials to this plaintiff is and was a violation of the ADA 28 C.F.R. § 35.130 (b)(1)(v) (2020)

In addition, this plaintiff has and currently does deal with Major Depression and Anxiety disorders among other Mental Health and Emotional issues. These are also disabilities discriminated against by the defendants in this case

(3)

(3) Plaintiff seeks in the form of relief the following: (1) A permanent single cell due to his disability limiting his ability to defend himself against possible assult by other inmates. (2) A move to a facility closer to his hometown of Philadelphia, but also a facility built to accomodate this plaintiffs disabilities. (3) Plaintiff request to be taken to a facility where a physical therepist can help him get his legs back to normal is it is not already too late to be normal again. (4) Plaintiff seeks Five-million dollars ($5,000,000) in compensation.

(4)

US POSTAGE — PITNEY BOWES
$ 003.18⁰
ZIP 16652
0000372161 JAN 25 2023

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

Jose Martinez
KW8233
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654

RECEIVED
SCRANTON
JAN 27 2023
PER _____ DEPUTY CLERK

Office of The Clerk
United States District Court
Middle District of Pennsylvania
P.O. Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148