IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE MONTANEZ, | : | No. 3:22-cv-1267 |
| Plaintiff | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | Electronically Filed Document |
| PAULA PRICE, et al., | : | |
| Defendants | : | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

In the original Complaint, Jose Montanez, *pro se* Plaintiff, asserted an Eighth Amendment deliberate indifference claim against all defendants for allegedly inadequate medical care. In the Amended Complaint, Montanez renewed those claims and added claims under Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act against all defendants. However, the Amended Complaint failed to address the issues identified by the Defendants Price, Wagman, Davis, Ellers, Wakefield, and Patton's (collectively, Commonwealth Defendants) Motion to Dismiss. Accordingly, the Amended Complaint must be dismissed, with prejudice, as future amendment would be futile.

## PROCEDURAL HISTORY

On August 12, 2022, Plaintiff commenced this Section 1983 action by filing a Complaint naming the six Commonwealth Defendants, as well as three doctors and one physician's assistant (collectively, Medical Defendants). (Doc. 1). On November

7, 2022, Commonwealth Defendants filed a Motion to Dismiss the Complaint, arguing that the Complaint failed to establish their personal involvement and were not proper defendants to Montanez's medical claims. (Doc. 10.) On January 6, 2023, Montanez sought leave to file an amended complaint, (Doc. 22), which the Court granted on January 9, 2023, (Doc. 23). On January 27, 2023, Montanez filed an Amended Complaint which added Superintendent John Rivello and the Commonwealth of Pennsylvania as defendants (hereinafter, included in "Commonwealth Defendants") and Wellpath Care. (Doc. 24.) Commonwealth Defendants have moved to dismiss the Amended Complaint, and this brief is filed in support of that motion.

## FACTUAL ALLEGATIONS

On August 28, 2021, Plaintiff got out of his bunk and stood up in an attempt use the bathroom. (Doc. 24 at 4.) Plaintiff alleges that his legs gave out on him when he stood up, and he realized his body was numb. (*Id.* at 5.) Plaintiff alerted an unidentified correctional officer who was walking by Plaintiff's cell. (*Id.*) The correctional officer and Sergeant Bullick[1] helped Plaintiff walk down the stairs to the

---

[1] Bullick was not named as a defendant in the original Complaint, nor is Bullick named as a defendant in the Amended Complaint. (Docs. 1, 24.) However, in the body of the Amended Complaint Plaintiff indicates Bullick "is being sued in his individual and official capacities." (Doc. 24 at 5.) "[D]efendants not named in a caption will be deemed to be in the case if they are identified in the body of the complaint." *CNX Gas Co. v. Lloyd's of London*, 410 F. Supp. 3d 746, 752 (W.D. Pa. 2019) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

first floor, where Nurse Wagman wheeled Plaintiff down to the medical department. (*Id.* at 5.)

Plaintiff alleges that after his vitals were checked, Wagman called Dr. Malhi and told Plaintiff he would be moved down to the first tier. (*Id.* at 5-6.) Plaintiff alleges he told Wagman he "needed to be taken to a hospital," and she responded, "Well, you're not going to a hospital." (*Id.* at 6.) Plaintiff alleges Wagman then wheeled him down to a cell, where he requested a grievance form from Bullick. (*Id.*) Dr. Malhi came to Plaintiff's cell the next day, August 29, 2021. (*Id.*) Plaintiff alleges he told Dr. Malhi that he was paralyzed and urinating on himself. (*Id.*) Plaintiff alleges he was taken to an outside hospital, which he identifies as UPMC Altoona, on August 31, 2021. (*Id.* at 7). Plaintiff had surgery on September 10, 2021, and was transferred to Encompass Health for physical therapy on September 15, 2021. (*Id.*)

Plaintiff alleges he was transferred to the infirmary at SCI-Rockview on October 1, 2021, and was seen by Dr. Preston, who plaintiff claims "denied me proper or adequate pain medication even after falling and causing a herniated disk." (*Id.*) Plaintiff assets that Corrections Health Care Administrator (CHCA) Ellers "lied

---

However, claims must still be asserted against all defendants and all defendants must be properly served. *See Mitchell*, 80 F.3d at 1441 (upholding summary judgement in favor of unnamed defendants where they were not added to the amended complaint or served). To the extent that the Court interprets the Amended Complaint as asserting claims against Bullick, such claims ought to be dismissed for the same reasons as the other Commonwealth Defendants.

3

about the results of the X-ray taken after the fall," which he claims delayed his treatment. (*Id.*)

Plaintiff alleges that he was returned to SCI-Huntingdon on November 12, 2021. (*Id.*) Plaintiff asserts that CHCA Price "created a policy that I could not get access to her until a grievance was filed," which he claims delayed his treatment. Plaintiff asserts he put in a sick call slip that Physician's Assistant Nalley replied to denying his request for a double mattress, increased pain medication, and lying about his treatment. (*Id.* at 7-8.) Plaintiff asserts he was seen by Dr. Edwards on December 14, 2021 who again denied his request for a double mattress and increased pain medicine, as well as, refused to order an MRI of Plaintiff's left hip. (*Id.* at 8.)

In the Amended Complaint, Plaintiff adds assertions against new defendants. Plaintiff asserts that Superintendent Wakefield[2] "allowed the actions of Dr. Edwards," and "allow[ed] cold air to continue to blow into my cell during a snowy winter." (*Id.*) Plaintiff asserts that Wellpath care is a "public entity contacting the medical staff" in this case. (*Id.*) Last, Plaintiff asserts that the Commonwealth of Pennsylvania "is being sued in accordance with the type of claims in this lawsuit." (*Id.*)

---

[2] Wakefield is identified in the Amended Complaint as the Superintendent of SCI-Smithfield. (Doc. 24 at 2.) It is unclear as to if or when Plaintiff was housed at SCI-Smithfield.

The Amended Complaint also purports to bring claims under the Title II of the ADA and Section 504 of the Rehabilitation Act. Plaintiff contends that due to his injury he is disabled, and thus, is entitled to "receive proper medical treatment . . . . and adequate physical therapy." (*Id.* at 11.) Additionally, Plaintiff claims he is disabled due to "Major Depression and Anxiety disorders among other mental health and emotional issues," which are being "discriminated against be the defendants in this case." (*Id.*)

## QUESTIONS INVOLVED

I. Must Defendants Patton, Wakefield, Davis, Ellers, and Price be dismissed from this action for lack of personal involvement?

II. Must Plaintiff's Eighth Amendment claim against Commonwealth Defendants because they are not medical staff?

III. Must Plaintiff's ADA and Rehabilitation Act claims be dismissed because Plaintiff has failed to identify any discriminatory conduct?

*Suggested Answer to All*: Yes.

## ARGUMENT

The Federal Rules of Civil Procedure authorize dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Tatis*, 882 F.3d at 426 (quoting *Iqbal*, 556 U.S. at 678). Rather, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Although a court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff[,]" *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008), a court is not required to credit bald assertions or legal conclusions. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). Thus, when conducting a Rule 12 analysis, a court must disregard conclusory allegations and instead look at the well-pleaded components of the complaint to evaluate whether all of the elements of the claim are sufficiently alleged. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). If plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Here, as discussed below, Plaintiff continues to fail to state any plausible claim against Commonwealth Defendants, and, therefore, the Amended Complaint must be dismissed, with prejudice, as against them.

**A. Lack of Personal Involvement**

Section 1983 claimants cannot rely *respondeat superior* to establish liability. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In order to bring a Section 1983 claim, the plaintiff must establish that (1) the conduct complained of deprived him of rights, privileges, and immunities secured by the Constitution or laws of the United States; and (2) the conduct was committed by a person acting under color of state law. *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). The Commonwealth, its agencies, and its officials acting in their official capacities are not "persons" under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Every defendant against whom suit is brought must be shown to have been involved in the complained of conduct. *Rizzo v. Goode*, 423 U.S. 362, 363 (1976). Personal involvement may be shown by actual participation in misconduct, knowledge of and acquiescence in the misconduct, or circumstances in which inaction sends a message of approval of the misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133-34 (3d Cir. 1986). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Further, "[a]lleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement."

*Lanza v. Moclock*, 2020 WL 4574495, at *5 (M.D. Pa. Aug. 7, 2020) (citing *Rode*, 845 F.2d at 1208).

Initially, Plaintiff appears to have withdrawn his claims against defendants Patton and Davis. Neither are listed in the caption or identified as defendants in the Amended Complaint. Further, the Amended Complaint is devoid of factual averments against them.

While Superintendent Rivello[3] is now named in the caption and identified as a defendant the Amended Complaint continues to fail to allege any facts against him. Accordingly, Rivello must be dismissed for lack of personal involvement. *See Hudson v. City of McKeesport*, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case).

Although Plaintiff has now added allegations against Superintendent Wakefield in the Amended Complaint, these lone and seemingly unrelated allegations that Wakefield "allowed" conduct to occur are premised on his role as superintendent. Plaintiff fails to allege any more than a *respondeat superior* liability; therefore, Wakefield must be dismissed as well.

The Amended Complaint's allegations relating to CHCAs Ellers and Price are quite vague. While an amended compliant supersedes the original complaint and becomes the operative pleading, *see Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d

---

[3] In the original Complaint he was merely identified as "SCI-Huntingdon's superintendent" in the caption. (Doc. 1 at 1.)

Cir. 2019); in this case, looking back to the original Complaint provides clarity. In the original Complaint, Plaintiff alleges he suffered a second fall while at SCI-Rockview[4] and specifically claims Ellers "lied in his Initial Review Response" to Plaintiff's grievance regarding an X-ray. (Doc. 1 at 8.) This is likely the same "X-ray taken after the fall" that Plaintiff passingly mentions in his Amended Complaint (Doc. 24 at 7.) Similarly, Plaintiff alleged in the original Complaint that Price "denied [Plaintiff's] request for further treatment" after Plaintiff filed another grievance seeking to be sent back to physical therapy. (Doc. 1 at 8.) This is likely what Plaintiff refers to as "a policy that I could not get access to her until a grievance was filed." (Doc. 24 at 7.)

After piecing together these vague allegations it is clear that Ellers and Price merely responded to Plaintiff's grievances. This cannot be the basis for personal involvement in a 1983 claim. "Courts have routinely relied on this principle to dismiss civil rights allegations against prison officials, including health care administrators, whose only knowledge of the alleged violation stemmed from their participation in the grievance process." *Stevens v. Winger*, 2021 WL 2075585, at *4 (W.D. Pa. May 24, 2021) (citing cases); *see also Brown v. Nicholson*, 2020 WL 610523, at *6 (E.D. Pa. Feb. 7, 2020) (dismissing claim against prison health care administrator who "denied [plaintiff's] grievance…stating that he had received appropriate medical attention for his reported complaint"). Thus, Ellers and Price

---

[4] Given the lack of averments relating to this alleged second fall, it appears that Plaintiff has withdrawn his claims relating to it.

must be dismissed from this matter.

Last, the Commonwealth of Pennsylvania, Department of Corrections (DOC) and the individual commonwealth Defendants acting in their official capacities must be dismissed because they are not "persons" liable for a Section 1983 claim.

### B. Eighth Amendment Deliberate Indifference Claim

Plaintiff alleges an Eighth Amendment claim with regard to his medical care. In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Thus, Plaintiff must allege facts that show both (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104.

Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse,* 182 F.3d at 197. The "deliberate indifference" prong of the Eighth Amendment test requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, if a prisoner

is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official...will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."[5] *Id.*

Here, assuming, *arguendo,* Plaintiff had a serious medical need, the allegations in Plaintiff's complaint clearly establish that he received medical attention and was under the care of prison doctors. Plaintiff alleges Defendant Wagman took Plaintiff to the medical department and called Dr. Malhi immediately after the August 28, 2021 incident. Plaintiff was subsequently transferred to an outside hospital and underwent surgery and physical therapy. Thereafter, Plaintiff alleges he was treated by Dr. Preston. Thus, Commonwealth Defendants, including Defendant Wagman, were justified in believing Plaintiff was in capable hands and cannot be considered

---

[5] Generally, CHCAs and nurse supervisors are considered non-medical personnel. *Hickey v. Merritt-Scully*, No. 4:18-CV-01793, 2022 WL 883851, at *11 (M.D. Pa. Mar. 24, 2022). Rather, the Third Circuit has held that they are "undisputably administrators, [and] not doctors." *Williams v. Pa. Dep't of Corr. at SCI Camp Hill*, No. 3:CV-12-2440, 2013 WL 3209283, at *4 (M.D. Pa. June 24, 2013) (quoting *Thomas v. Dragovich,* 142 F. App'x 33, 39 (3d Cir. 2005)); *see, e.g., Miller v. Hoffman*, No. CIV. A. 97-7987, 1999 WL 415397, at *11 (E.D. Pa. June 22, 1999) (collecting cases), *aff'd,* 225 F.3d 649 (3d Cir. 2000). To the extent that this Court finds CHCA Ellers and Price were personally involved in the purported Eighth Amendment violations stemming from Plaintiff's medical care, they are nonetheless shielded from liability as they are not medical professionals tasked with providing prisoner healthcare.

deliberately indifferent to his medical needs. Furthermore, at most, Plaintiff has alleged his disagreement with medical personnel; this alone does not constitute an Eighth Amendment claim. *See Spruill,* 372 F.3d at 235 (holding that "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation).

**C. Failure to State an ADA or Rehabilitation Act Claim**

The Amended Complaint purports to raise claims under Title II of the ADA and Section 504 of the Rehabilitation Act. These claims appear to be a restatement of Plaintiff's deliberate indifference claim by bootstrapping his injury as a disability that entitled him to receive "proper medical treatment" and "adequate physical therapy." (Doc. 24 at 11.)

"To prevail on a claim for violation of Title II of the ADA,[6] the plaintiff must show: (1) that she is a qualified individual with a disability; (2) that she was either excluded from participation in or denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and, (3) that such exclusion, denial of benefits or discrimination was by reason of the

---

[6] "[T]he substantive standards for determining liability are the same" for Title II of the ADA and Section 504 of the Rehabilitation Act. *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288 (3d Cir. 2019). However, the ADA requires "but for" causation, while the RA requires that the discrimination on the basis of disability be the "sole cause" of the denial. *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 236 n.11 (3d Cir. 2013).

plaintiff's disability." *Douris v. Dougherty,* 192 F.Supp.2d 358, 368 (E.D. Pa. 2002) (citations omitted). "[Plaintiff] must also show intentional discrimination under a deliberate indifference standard because he seeks compensatory damages. *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 289 (3d Cir. 2019). Plaintiff's ADA claim fails at the second and third elements.

Assuming that his injury qualifies as a disability, Plaintiff was provided with medical care and physical therapy. Furthermore, there is no indication that he was denied "adequate" care due to any discrimination on the basis of this injury. Plaintiff's circular logic that he is being discriminated against on the basis of his injury by receiving allegedly inadequate treatment appears to merely repackage his deliberate indifference claim against the DOC as an institutional defendant. Accordingly, the ADA and Rehabilitation Act claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Commonwealth Defendants respectfully request that the Court grant their Motion to Dismiss the Amended Complaint.

                                      **Respectfully submitted,**

                                      **MICHELLE HENRY**
                                      **Acting Attorney General**

                            By:   *s/ Francis H. Pryzbylkowski*
                                    **FRANCIS H. PRYZBYLKOWSKI**
**Office of Attorney General**          **Deputy Attorney General**
**15th Floor, Strawberry Square**     **Attorney ID #329644**

**Harrisburg, PA 17120**
**Phone: (717) 783-6491**

**fpryzbylkowski@attorneygeneral.gov**

**Date: February 10, 2023**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

*Counsel for Defendants Price, Wagman, Davis, Ellers, Wakefield, Patton, Rivello, and DOC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE MONTANEZ,** | : | No. 3:22-CV-1267 |
| Plaintiff | : | |
| | : | **Judge Mariani** |
| v. | : | |
| | : | |
| **PAULA PRICE, DR. MAHLI,** | : | **Electronically Filed Document** |
| **GABRELLE NALLEY, NURSE MEL,** | : | |
| **DR. PRESTON, R. ELLERS, DR.** | : | *Complaint Filed 08/12/22* |
| **EDWARDS, MARY PATTON, C.** | : | |
| **WAKEFIELD** *and* **N. DAVIS,** | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Francis H. Pryzbylkowski, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on February 10, 2023, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion to Dismiss the Amended Complaint to the following:

**VIA U.S. MAIL**
**Smart Communications/PADOC**[7]
**Jose Montanez, KW-8233**
**SCI Huntingdon**
**P.O. Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

---

[7] Pursuant to a change to the Department of Corrections' mail procedures, all mail, except mail from an inmate's attorney or from a court, must be processed through the vendor listed.

   *s/ Francis H. Pryzbylkowski*
**FRANCIS H. PRYZBYLKOWSKI**
Deputy Attorney General