

# Initial Review Response

SCI Huntingdon
1100 Pike St
Huntingdon, PA, 16654-1112

02/07/2022 12:02

| Inmate Name: | MONTANEZ, JOSE | DOC #: | KW8233 |
|---|---|---|---|
| Facility: | Huntingdon | Unit Location: | |
| Grievance #: | 961211 | | SCI Smithfield |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision: Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

Your grievance has been received and reviewed. I apologize for the delay in this response due to circumstances beyond my control. You indicate you were lied to by PAC G. Nalley from November 12, 2021 to December 14, 2021. You indicate Ms. Nalley led you to believe you would be taken out for more physical therapy and to see the neurologist. She also denied you and double mattress for pain and pressure as well as leg and neck pain. You also report she made you go to population and would not allow you to stay in D-Max.
Upon review, PAC Nalley did order physical therapy via a consult on 11/17/2021 and you already had a neurology consult scheduled but no date and time had been established. Double mattress' are not medically ordered. Medically a Egg Crate mattress can be ordered for skin breakdown in this facility which you were not noted to have. The issue of you being moved to population would benefit you in your rehabilitation as D-Max movement is limited. Your grievance is without merit and is denied. No award will be given via this grievance.

| Signature: | *Paula Price, RN CHCA* |
|---|---|
| Name: | P. Price |
| Title: | Corrections Healthcare Administrator |
| Approver: | A. Wakefield |
| Date: | 02/07/2022 |

CC: Facility Grievance Coordinator
DC-15

---

DC-ADM 804, Inmate Grievance System Procedures Manual
Section 1 - Grievances & Initial Review, Attachment 1-D               Issued: 1/26/2016  Effective: 2/16/2016
KW8233    Grievance #:961211

MONTANEZ, JOSE                                                                                              Page1 of 1



# Facility Manager's Appeal Response
SCI Huntingdon
1100 Pike St
Huntingdon, PA, 16654-1112



03/21/2022 11:58

| | | | |
|---|---|---|---|
| Inmate Name: | MONTANEZ, JOSE | DOC #: | KW8233 |
| Facility: | Huntingdon | Unit Location: | A / A |
| Grievance #: | 961211 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision: Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

In reviewing your grievance and appeal, I note that your concern with your healthcare was appropriately addressed by CHCA Price. In your appeal, you question why physical therapy was ordered on November 17, 2021, but had to wait until December 1, 2021. You were moved to the infirmary at SCI-Smithfield where you were told how to do the exercises and then had to return to your cell to do them individually, and you claim that you should not have been moved from D-Max to general population. You are requesting monetary compensation for your relief.

Upon my review of the initial response, I note CHCA Price explained to that your physical therapy was ordered, but a date and time had not been established. I note that you question the length of time between the order date of the physical therapy and when you were seen by them. I spoke with CHCA Price regarding the time lapse and she states that physical therapy is not in the Institution each day and the appointment you were given was the next available appointment time, which was 14 days. I also note your concerns regarding the in-cell physical therapy you were to perform while housed at SCI-Smithfield's infirmary. This will not be addressed via this grievance as your concerns were regarding services at another facility. As for your concerns regarding the move from D-Max to general population, I note that CHCA Price explained to you that the move was necessary in your rehabilitation as movement in D-Max is limited.

In closing, I can only reiterate that I uphold the response provided by the grievance officer. Your grievance and relief are denied.

| | |
|---|---|
| Signature: | *[signature]* |
| Name: | J. Rivello |
| Title: | Facility Manager |
| Date: | 3/21/2022 |

CC: DC-15
File

---

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 2 - Appeals, Attachment 2-B                                  Issued: 1/26/2016  Effective: 2/16/2016

KW8233    Grievance #: 961211

MONTANEZ, JOSE                                                                                      Page1 of 1

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER**<br>*~~Copy Filed~~* * (CA) | Commonwealth of Pennsylvania<br>Department of Corrections   4004<br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer) ~~Healthcare Administrator~~ Ms. P. Price | 2. Date: 9/17/19 |
| 3. By: (Print Inmate Name and Number) Jose Montanez KW8233<br>*Jose Montanez*<br>Inmate Signature | 4. Counselor's Name: Mr. Eckenrod |
| | 5. Unit Manager's Name: Mr. Ralston |
| 6. Work Assignment: AM Kitchen | 7. Housing Assignment: CA 4004 |

8. Subject: State your request completely but briefly. Give details.

On 9/10/19 at or around 6:00 in the morning while working in the kitchen I accidentally spilt hot water that was around 190° (one hundred and ninty degrees) into my boot and burned the right side of my ankle in two seperate places. Kitchen staff was alerted and they in turn contacted medical staff. Medical staff came and picked me up in wheel chair and pushed me down to medical were a nurse I have come to know as Ms. Holly took pictures of my wounds and a male nurse, whose name Ms. Holly refused to give me on the above written date which is today, told me to be quite because "it wasn't that bad" while he applied what he explained to me as burn cream and then wrapped it up. Despite my pain I was only given and prescribed Tylenol 500 mgs and no antibiotics at all. Later that night after shower I was forced to have to wrap toilet paper around the open wound, which was unwrapped now in order to shower, until treatment call at or around 6:00 PM Treatment line which could be later then 6:00 PM → next page

9. Response. (This Section for Staff Response Only)

You have been placed on Bactrim since 9/18 and have been on the treatment line for dressing change until healed

To DC-14 CAR only ☐                    To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME   Rob Lynch           Rob Lynch            DATE 9/23/1
                       Print              Signature

7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips           Attachment 3-A

Request From: Ms. Befonseca, Health Administrator
From: Jose Montanez #KW8233

Page #2

9/17/19

depending on when Housing unit staff is instructed to call it on the housing unit by medical staff. Therefore, that is an unneccessary hour or more that I have to walk around with an unsterile peice of toilet paper on an open wound. This is what I have been having to do from the date that this burn happened all the way until today. So that is from 9/10/19 which is the date the burn occured to 9/17/19 which is todays date. This morning I went to treatment line to see medical staff, despite my agreement with the orginal male nurse, who treated my wound on 9/10/19, that I would just go to treatment at 6:00 PM after shower and have my wound rewrapped, and the nurse who was on just happened to be that same male nurse who I had originally delt with on 9/10/19. I showed him the pus that was on the wrapping I had just taken off of my wound and I asked him if pus was supposed to be coming out of the wound (I asked him this because just days earlier on 9/14/19 I had gone to early morning treatment, for the first time since 9/11/19 when me and the male nurse said I can just go to 6:00 PM treatment, because this was the original time I started to get worried about the pus on the bandage → Next page

Request Form To: Ms. P. Price, Healthcare Administrator
From: Jose Montanez # KW8233

Page #3

9/17/19

wrap everytime I take it off. On this date of 9/14/19 I went to early morning treatment and was seen by Ms. Harris. I asked Ms. Harris if pus coming from the wound was normal. She said that "it happens." The exact same answer was given to me today when I asked the male nurse this same question of him. However, he immediately went and got a P.A. (Physician's Assistant), the newer female one, and showed her my wound and said to her that he felt it was infected. She agreed and told the male nurse to put me on Bactrim, an antibiotic. This evening after getting out of the shower I felt as if I would be only making the infected wound worse if I were to put toilet paper or even just my sock over it, so I asked my block sergeant Ms. Jenkins to send me down to Medical to before 6:00 PM Treatment line because it would be unsterile to put just anything over the wound and sergeant Jenkins agreed and called down to medical to get me sent down there. After about a three minute phone call she gave me my pass for six o'clock treatment and I went down to medical. When I got there Ms. Holly was there and by the way she told me to sit down it was clear had an additude with me. When I put my leg → Next page

Request form to: Health Care Administrator
From: Jose Montanez #KW8233

Page #4

9/17/19

on the leg holder she put in front of me she came over and snached my sock the rest of way off of my feet and threw it at me hitting me in my face with it. Then she went on to tell me that I need to start coming down to my treatments. I told her that I came down to my treatments everynight and she told me that it was not being documented. I told her that I could not control what was and was not documented by staff but a look at the camras will show my coopperation with treatment except for the days that I was given bandages and wraps and burn cream along with tape to treat my own wounds. This started on 9/13/19. The camra in the hallway will even show nurse Nikki giving me the supplies to wrap my own wound. This was on the night of 9/14/19.

My simple request here is to start reciving antibiotics for these infected wound areas and to be seen by a competent medical doctor and to be placed on real pain relivers and to be placed on the chronic care list until my wound is heald. I need to recive something from medical staff to place over my wound right after I shower until recive proper treatment. I simply request proper medical care for my wounds.

Thank you.

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI-Huntingdon | DATE: 12/2/19 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Jose Montanez  KW8233 | SIGNATURE OF INMATE: Jose Montanez | |
| WORK ASSIGNMENT: AM Kitchen | HOUSING ASSIGNMENT: CA 4004 | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I am Grievancing the fact that from September 11, 2019 until October 14, 2019 I was not given proper pain medication for Secound (2nd) Degree Burn Wounds I had suffered on 9/10/19 while at work in the Kitchen. I requested verbally numerous time to medical staff for better pain medication than the Tylenol I was currently recieving. I was also already on Voltaren for migrains, but even still with both of those pain medications together they did nothing to relive the pain I was experiencing from the burn wounds. After not recieving proper care asking medical staff verbally, I began to write to Health Care Administrator Ms. Paula Price. These request forms (which I have attached along with this Grievance) were answered by RNS Mr. Robert A. Lynch and he completely ignored my Request for my requests for better pain medication. As for relief I request $5,000 for Pain and Suffering Plus Emotional and Mental Damage. Thank you. (Next Page)→

B. List actions taken and staff you have contacted, before submitting this grievance.
As stated above, I wrote to Ms. Paula Price and even wrote to Mr. Joseph J. Silva, Director of Bureau of Health Care Services

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator        Date 12/3/19

WHITE Facility Grievance Coordinator Copy       CANARY File Copy       PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                      Attachment 1-A
Issued: 1/26/2016
Effective: 2/16/2016

Grievance #837383

Jose Montanez #KW8233

page #2

12/2/19

for your understanding of my attempts to resolve this issue both verbally, from the dates of 9/11/19 until 9/16/19, and in writing, via Inmate Request Forms, on 9/17/19 all the way up to todays date of 12/2/19. As I am now aware that your staff is aware of the fact that situations were so bad that I even tried to resolve these violations on my Constitutional rights to proper medical care by contacting Mr. Joseph J. Silva, Director, Bureau of Health Care Services at Department of Correctionss Headquarters down in Mechanisburg. No only was I denied sufficent pain medications, I was forced to still go to work on my injured right ankle, I was not given antibiotics until after my wound got infected which I noticed and showed to medical staff on 9/17/19 which is when I finally started to recive any type of antibiotics. 9/17/19 is also the seventh day straight that I was denied better pain medications and also the seventh day straight that I got nothing done after my complaints of having nothing but unsterile toliet paper which did nothing but to help the infection in my wounds to continue. I put in a sickcall on 9/23/19 to get stronger antibiotics and more sufficent pain medications. Still nothing was done to help me and my infections.

Grievance #837383
Jose Montanez #KW8233

page #3

12/2/19

I was seen by Physician's Assistant Ms. Gabby who I would later learn real name is Gabrielle Nalley. When I seen Ms. Nalley at sick call she promised that she would prescribe me muscle relaxers and a better antibiotic. Although I complained to her, during my sickcall visit with her, that I was in extreme pain and that the current pain medications that I was on at the time were not working to relieve my pain Ms. Nalley still refused to prescribe me any pain medications that were sufficient enough to relieve my pain. In fact she did nothing at all to help me with my pain except rub it into my face when I seen her again on September 30, 2019 while reciving my annual treatment down in medical for my burn wounds. On this day Ms. Nalley asked me if my pain was the same, to which I replied yes. She simply nodded her head. She still never prescribed me any better pain medications, muscle relaxers, or antibiotic.
Ms. Nalley would later go on to retaliate against me along with Ms. Alexa Dedea to get me off of treatment line for my burn wounds. Since Ms. Nalley was in charge, or at least had a say so, in the continuance of my treatment, Ms. Alexa Dedea's request to Ms. Nalley for my treatment to end was granted.

Grievance #837383

Jose Montanez #KW8233

page #4

12/2/19

On October 7, 2019 I went down to medical for my medical call out for treatment for my second Degree Burn wounds. When I walked into the treatment room Ms. Alexa Dedea saw me and immediately asked me what I was doing there. I told her I was there for treatment to which she replied that I was no longer on the treatment list to receive treatment. I knew this was a lie because I was still on the call out for treatment and I had a pass at the correctional officers desk at my housing Unit for treatment. Ms. Dedea along with Ms. Holli wilkins went on to tell me that I needed to sign up for sick call to get back on the treatment list. I told them that I was still on the call out so I was still on the treatment list. Ms. Dedea told me that I would no longer be after she "talked to The girl upstairs". When she said that I signed up for sick call. For this sick call I was seen by Ms. Gabrielle Nalley. She gave me fourteen (14) more days on sick call after looking at my wounds. This sickcall took place on 10/8/19. On 10/12/19 at 7:39 Ms. Alex Dedea documented in my file that I had not shown up for treatment on That night. This was not true. Ms. Dedea spoke to Ms. Nalley about getting me off of treatment and Ms. Nalley took me off of treatment line.

# INMATE APPEAL TO FINAL REVIEW
## GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| KW-8233 | Jose Montanez | SCI-Huntingdon | 4/5/20 | 837383 |

I received my appeal from the Superintendent on __3/30/20__ and have the following appeal issues.

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.
Appeals must relate to the issue presented in the initial grievance and 1st level appeal.

Please provide a BRIEF (no longer than two pages) appeal statement.

On September 10, 2019 I was burned with hot water while at work in the kitchen. I was taken to medical were the wound was treated and wrapped. I asked for a medical lay in due to the fact that it caused me extreme pain to walk. I was denied medical lay-in by medical staff. I was also given Tylenol for the pain. My injury was a second degree burn wound and the pain was almost unbereable. I told Nursing staff Mr. Sean McCorkle - who was the original nurse to treat my wounds - as well as other medical staff members that the tylenol was doing nothing to relieve my pain. I made medical staff aware of this over a seven day period, from 9/11/19 to 9/17/19, at which time I wrote to the Health Care Administrator Ms. Paula Price to let her know that I was not given proper medical treatment. In stead of receiving a reply back from Mrs. Price, RNS Mr. Robert A. Lynch replied to my request form with a response date of 9/23/19. In his response Mr. Lynch simply ignored my pain and complaints concerning other insufficent medical treatments concerning my burn wounds. On 9/19/19 I suffered an ankle sprain while coming down some stairs. I was offered Motrin for pain and even though I refused it, because I was already on two other pain medications, it was still ordered for me. I found out about this order when I went to medication line. I wrote to Ms. Price concerning the order of this medication and not wanting to be charged for it being as though I had orginally refused the medication. Once again my request form to Ms. Price was answered by Mr. Lynch who blatantly, through his response to my request,

INMATE SIGNATURE: _Jose Montanez_

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*                                                                Attachment 2-E
Issued: 3/31/2014
Effective: 5/1/2014

Inmate Appeal To Final Review
Grievance #897383

Jose Montanez
#KW8233

p.#2

4/5/20

treated me as I was being a nusance instead of someone who was in pain and trying to get actual pain relief. Mr. Lynch said that there was no "magic bullet" medication, as if sufficient sufficent medication would be hard to come by. This was just another showing of Mr. Lynch's deliberate indifference to my pain and numerous other medical issues.

Also I was being harressed and retaliated against by Medical staff member Ms. Alexa Dedea and Physicians Assistant Ms. Gabrielle Nalley. On 9/23/19 I put in a sick call to simply show that no matter what I did, and/or who I ask, I will still be refused pain medication sufficent to relieve the pain that the secound degree burn wounds were causing me. I was seen by Ms. Nally for sick call on 9/24/19 and of course I was once again denied better pain medication. On 10/2/19, while showing up for my nightly treatment for my burned wounds, I was stopped by Medical staff Ms. Alexa Dedea who asked me why I was there. I informed her that I was there for the treatment of my burn wounds. (She already knew this because she herself was forced to treat my wounds before) Ms. Dedea went on to tell me that I was no longer on the treatment list and therefore should not be in the treatment room. I then asked Ms. Dedea if I was

Inmate Appeal To Final Review
Grievance #832383

Jose Montanez
#KW8233

p.3

4/5/20

no longer on the treatment line then why was I still on the Medical call out for treatment line? Ms. Dedea's reply was that I would no longer be once she spoke to the "girl upstairs". Ms. Dedea also told me that I needed to sign up for sick call because after that day I would no longer be on the treatment line. I believed her so I sign up for sick call and attended sick call on 10/8/19 where Ms. Nalley examined my wounds and extended my treatment line for (14) four-teen more days.

I later reviewed my medical records and learned that Ms. Dedea went and spoke to Ms. Nally on 10/12/19, after Ms. Dedea documented in my file that I did not show up for my treatment line that same date, and told Ms. Nalley that I no longer needed to be on treatment line. Ms. Nalley discontinued my treatment on 10/12/19 at 10:39 PM despite not having looked at my wounds herself after extending my treatment just (4) four days earlier. My pain and Medical care was treated as if it were a game by these medical staff members.

I ask as relief for better access to the Health care Administrator, I ask that security cameras are placed in the medical treatment area, and I ask for $10,000.00 in damages suffered.

Joe Montz

